UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL J. HALL and JEANNETTE HALL,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WEED, JOHN GALE, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:20-cv-01789-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendant City of Weed's ("City") Motion to Dismiss the Complaint.[1] (ECF No. 5.) Plaintiffs Paul J. Hall ("Paul") and Jeannette Hall ("Jeannette") (collectively, "Plaintiffs") filed an opposition, and City replied. (ECF Nos. 6, 7.) After carefully considering the parties' briefing and for the reasons set forth below, the Court hereby GRANTS City's motion. (ECF No. 5.)

///

///

///

///

---

[1] Plaintiffs additionally bring this action against Defendant John Gale, who is represented by separate counsel. The instant motion to dismiss is brought by Defendant City only.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from an encounter between Paul and Defendant John Gale ("Gale"), a police officer employed by the City of Weed, California. (ECF No. 1 at 2–3.) On October 12, 2019, Gale allegedly tased Paul while he was covered in a flammable substance. (*Id.* at 3.) The circumstances leading up to this encounter are omitted from the parties' briefings. As a result of being tased, Paul allegedly caught on fire and suffered third-degree burns. (*Id.*) Jeannette, Paul's wife, additionally claims loss of consortium resulting from the injuries Paul sustained. (*Id.* at 19.)

Plaintiffs initiated this action on September 4, 2020. (*Id.* at 1.) The Complaint asserts ten causes of action against Defendants under federal and state law. (*Id.*) On October 30, 2020, City filed the instant motion to dismiss, seeking to dismiss Plaintiffs' fourth and ninth causes of action (claims under *Monell* and the Americans with Disabilities Act ("ADA"), respectively). (ECF No. 5.) Plaintiffs filed an opposition, and City replied. (ECF Nos. 6, 7.)

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege

///

1  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to
2  relief." *Twombly*, 550 U.S. at 570.

3  Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
4  factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).
5  While Rule 8(a) does not require detailed factual allegations, "it demands more than an
6  unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A
7  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
8  elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
9  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences
11 are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355
12 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the
13 plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws
14 in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*
15 *Council of Carpenters*, 459 U.S. 519, 526 (1983).

16 Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
17 facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting
18 *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
19 content that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability
21 requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."
22 *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to
23 draw on its judicial experience and common sense." *Id.* at 679.

24 In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits
25 thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.
26 *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*
27 *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

28 If a complaint fails to state a plausible claim, "[a] district court should grant leave to

amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)).

### III. ANALYSIS

City moves to dismiss Plaintiffs' fourth and ninth causes of action under Rule 12(b)(6) for failing to state a claim for which relief can be granted. (*See* ECF No. 5.) The Court will address each cause of action in turn.

#### A. Fourth Cause of Action: *Monell*

Plaintiffs' fourth cause of action asserts a *Monell* claim against City under 42 U.S.C. § 1983 ("§ 1983). (ECF No. 1 at 9–10.) Plaintiffs allege City's policies, customs, or practices were the moving force behind the violation of Paul's Fourth, Eighth, and Fourteenth Amendment rights. (*Id.* at 9.) City moves to dismiss this claim on the basis that Plaintiffs fail to sufficiently describe the alleged policies, customs, and practices. (ECF No. 5-1 at 3–5.)

A municipality may not be vicariously liable under § 1983 for an injury caused by its employee or agent. *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978). However, a municipal entity can be liable under § 1983 when action is taken according to an official municipal policy or longstanding practice or custom that causes the deprivation of a constitutional right. *Id.* at 691; *Thomas v. Cty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014). To bring a *Monell* claim against a municipality, a plaintiff must establish the municipality "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [he] suffered." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Monell*, 436 U.S. at 694); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In the absence of a formal governmental policy, a plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992)). "The custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" *Id.* (quoting *Monell*, 436 U.S. at 691). Thus, a single incident will typically not

///

suffice to demonstrate the existence of a policy.  *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

Further, a *Monell* claim "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

> To survive a motion to dismiss, a plaintiff must do more than allege that a *Monell* defendant 'maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs' alleged elsewhere in the complaint. Facts regarding the specific nature of the alleged policy, custom, or practice are required; merely stating the subject to which the policy relates (i.e. excessive force) is insufficient.

*Cain v. City of Sacramento*, 2:17-cv-00848-JAM-DB, 2017 WL 4410116, at *3 (E.D. Cal. Oct. 4, 2017) (citing *AE ex rel. Hernandez*, 666 F.3d at 637).

Here, Plaintiffs do not allege "[f]acts regarding the specific nature of the alleged policy . . . . " *Id.*  Instead, Plaintiffs broadly assert City's policies, customs, or practices "were the moving force behind the violation of [Plaintiffs'] rights, privileges, or immunities guaranteed under the Fourth, Eighth, and Fourteenth Amendments . . . ."  (ECF No. 1 at 9.)  In arguing this allegation is sufficient, Plaintiffs cite to *Guevara v. County of Los Angeles*, CV 14-08120 DDP (MANx), 2015 WL 224727, at *2 (C.D. Cal. Jan. 15, 2015), for the proposition that "[i]t is not necessary at the pleadings stage, to be able to identify with particularity the 'who, what, where, when and how' of a claim."  (ECF No. 6 at 3.)  Plaintiffs' reliance on *Guevara*, however, is unpersuasive.

Indeed, Plaintiffs' use of the aforementioned quotation appears to take *Guevara* out of context.  In *Guevara*, the district court determined the plaintiff sufficiently stated a *Monell* claim where he alleged the county had "'established' a policy, custom or practice *of removing children from homes without a warrant even when the circumstances would allow officials to obtain a warrant*" because he alleged facts showing inadequate training "as to the specific topics [of] Fourth and Fourteenth Amendment rights of parents, the use of protective custody warrants, and federal case law regarding 'warrantless removals, exigency, least intrusive means, and . . . proper investigation,'" and not merely conclusory assertions.  *Guevara*, 2015 WL 224727, at *2, 4

(emphasis added). Here, by contrast, Plaintiffs fail to identify any policy, custom, or practice whatsoever. (*See generally* ECF No. 1.) Therefore, Plaintiffs fail "to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez*, 666 F.3d at 637.

For these reasons, the Court finds Plaintiffs fail to sufficiently allege a *Monell* Claim against City. Nevertheless, the Court cannot say the pleading "could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Accordingly, the Court DISMISSES Plaintiffs' fourth cause of action with leave to amend.

        B.        <u>Ninth Cause of Action: Americans with Disabilities Act</u>

Plaintiffs' ninth cause of action asserts violations under the ADA, 42 U.S.C. § 12101, *et seq.*, against all Defendants. (ECF No. 1 at 17–19.)

Title II of the ADA prohibits a public entity from discriminating against an individual with a disability, by reason of such disability. *See* 42 U.S.C. § 12132. "Discrimination includes a failure to reasonably accommodate a person's disability." *Sheehan v. City and Cty. of San Francisco*, 743 F.3d 1211 (9th Cir. 2014), *rev'd in part on other grounds*, 575 U.S. 600 (2015). In the Ninth Circuit, Title II of the ADA applies to arrests. *Id.* at 1232. The Ninth Circuit has recognized two types of Title II claims stemming from arrests:

> (1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity; and
>
> (2) reasonable accommodation, where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of the investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees.

*Id.* To state a claim under Title II of the ADA, the Ninth Circuit generally requires a plaintiff to show:

> (1) []he is an individual with a disability; (2) []he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) []he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of h[is] disability.

6

*Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018) (quoting *Sheehan*, 743 F.3d at 1232) (alteration in original). Plaintiffs allege Defendants "failed to reasonably accommodate [Paul's] disabilities and [used excessive force] against him because of his apparent or perceived disabilities," and thus appear to raise a claim under the second type of ADA arrest claim. (ECF No. 1 at 18); *Sheehan*, 743 F.3d at 1232.

City argues Plaintiffs fail to state a claim under the ADA because they fail to establish the first and fourth elements — a qualifying disability and conduct based on the disability. (ECF No. 5-1 at 6–8.) The Court will address each element in turn.

### i.  Qualifying Disability (First Element)

Under the ADA, a "disability" may be defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1).

There is some discrepancy as to whether Plaintiffs are invoking the disability definition under prong (A) or prong (C). (*Compare* ECF No. 6 at 4 (citing 42 U.S.C. § 12102(1)(A)) *with* ECF No. 1 at 18 ("[Paul] was regarded as having or perceived to have a physical or mental impairment . . . .").) Nevertheless, regardless of which prong Plaintiffs rely upon to assert their ADA claim, the Court finds Plaintiffs fail to establish the first element because they have not sufficiently described any impairment.

As City correctly notes, Plaintiffs fail to allege any facts regarding Paul's purported disability whatsoever. (ECF No. 5-1 at 6–7.) Indeed, Plaintiffs concede they do not state a specific disability. (ECF No. 6 at 4.) It is well-established that some factual description of the alleged disability is necessary to state a claim under the ADA. *See Bresaz v. County of Santa Clara*, 136 F. Supp. 3d 1125, 1135–36 (N.D. Cal. 2015) ("where . . . a party alleges that he or she is disabled under the ADA, courts have generally required the party to plead the disability with some factual specificity.") (citations omitted); *see also, e.g., Farmer v. County of Calaveras*, 1:18-cv-00009-DAD-SAB, 2018 WL 1919900, at *6 (E.D. Cal. Apr. 24, 2018) (allegations that merely state the existence of a "mental illness, disability and medical impairment[ ]" were insufficient and conclusory); *Sincerny v. City of Walnut Creek*, 17-cv-02616-HSG, 2017 WL

7

4642432, at *5 (N.D. Cal. Oct. 17, 2017) (allegations of "physical and neurological limitations, including diminished mental capacity," caused by brain surgery complications, were insufficient); *Bell v. U.C. Davis Med. Ctr.*, 2:11-cv-1864 MCE AC PS, 2013 WL 1896318, at *4 (E.D. Cal. May 6, 2013), *report and recommendation adopted*, 2:11-cv-1864 MCE AC PS, 2013 WL 2664552 (E.D. Cal. Jun. 11, 2013) (allegations of a "type II serious medical condition . . . that is found in people with certain long-term chronic medical conditions" were insufficient); *cf. Alejandro v. ST Micro Elecs., Inc*, 129 F. Supp. 3d 898, 908 (N.D. Cal. 2015) (allegations that plaintiff "suffers from bipolar disorder, generalized anxiety disorder, and debilitating allergies" were sufficiently specific).  Thus, Plaintiffs' singular allegation that "[Paul] was regarded as having or perceived to have a physical or mental impairment" (ECF No. 1 at 18) is conclusory and insufficient.  *See also Iqbal*, 556 U.S. at 678 ("'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient) (citations omitted).

In opposition, Plaintiffs argue the allegation that Paul was "covered in a flammable substance at the time of the incident" satisfies the first element because it "suggests a mental disability." (ECF No. 6 at 4.) The Court rejects this argument for several reasons.  First, the aforementioned authorities indicate that alleging the existence of an unspecified mental disability "by suggestion" is insufficient.  Second, the Complaint alleges "a physical or mental impairment," not merely a mental disability.  *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (court may not consider new facts provided in opposition to motion to dismiss). Finally, the Court declines to infer the existence of a mental disability simply because Plaintiff was covered in "a flammable substance."  A plain reading of the Complaint does not support such an inference — particularly where Plaintiffs have chosen to omit from their pleadings any description of the circumstances leading up to how Paul allegedly became covered by the substance. (*See generally* ECF No. 1.)

Because Plaintiffs do not identify any qualifying disability, they fail to establish the first element of their ADA claim.

       ii.   "By Reason of" the Disability (Fourth Element)

To satisfy the fourth element of an ADA claim, Plaintiffs must allege the wrongdoing was

by reason of a known disability.  *Vos*, 892 F.3d at 1036; *Thomas v. Sacramento Cty.*, 2:15-cv-01952-TLN-EFB, 2017 WL 550052, at *5 (E.D. Cal. Feb. 10, 2017); 42 U.S.C. § 12132.

In light of the Court's determination that Plaintiffs fail to allege the existence of any disability, it reasonably follows that Plaintiffs have not sufficiently alleged facts showing Gale's awareness of any such disability, much less that his actions were motivated by it.  Indeed, while Plaintiffs allege Gale "knew or should have known that [Paul] was covered in a flammable substance prior to firing the TASER gun" (ECF No. 1 at 3), conspicuously absent from the Complaint are any allegations that Gale was aware of any disability or that he tased Plaintiff because of it.  (*See generally id.*)  Thus, Plaintiffs fail to establish the fourth element of their ADA claim.

Accordingly, Plaintiffs fail to allege sufficient facts to state a claim for relief under the ADA.  The Court therefore DISMISSES Plaintiffs' ADA claim as asserted against City with leave to amend.

**IV.    CONCLUSION**

For the foregoing reasons, City of Weed's Motion to Dismiss (ECF No. 5) is hereby GRANTED.  Plaintiffs may file an amended complaint not later than 30 days from the date of electronic filing of this Order.  Defendants shall file a responsive pleading pursuant to the Federal Rules of Procedure and Local Rules.

IT IS SO ORDERED.

Dated:  September 7, 2021

Troy L. Nunley
United States District Judge